In the Matter of the Claim of JOHN RUSSO, Respondent, against DESPATCH SHOPS, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an insurance carrier from a decision and award of the Workmen's Compensation Board. The controversy on appeal is between two insurance carriers. It is not disputed that claimant is entitled to an occupational disease award for loss of hearing, associated with shop noise. For many years claimant worked for the employer in its steel plant where he was exposed to loud and continuous noise. Before January 1, 1948, the respondent carrier Liberty Mutual was on the risk; after that date the appellant carrier Employers Mutual took over the risk. There was some change in the nature of claimant's work in October, 1947, while respondent carrier was on the risk, and appellant contends that after that time the claimant did only outside work not within the noise area and that no part of his deafness was caused by shop noise after January 1, 1948, while appellant carried the risk. The board has found the date of disablement to be May 9, 1949, while appellant was on the risk. We think this presents an open question of fact. No doubt, this type of nerve deafness was a slow process occurring over a long period of time, but the date of disablement is controlling if the occupational disease could be found to have been contracted during the period when appellant was on the risk, even though it may also have been caused in some part by previous exposure. The "disablement", in the case of occupational disease, is regarded as the happening of an accident. (Workmen's Compensation Law, § 38.) This is usually fixed by the date of the last injurious exposure. (*Matter of Trimboli* v. *Ford Instrument Co.*, 271 App. Div. 854.) Claimant testified he worked in the shop in 1948. He also said he could hear in 1947, but became "absolutely deaf" in 1948. His work classification in the employer's records indicates that his "riveter" status continued during the initial portion of the time appellant was on the risk. There is proof the other way, but a debatable case on the facts is not open to our inquiry. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See *post*, p. 1030.]